# Commonwealth v. White, Judge.

Dec. 12, 1941.

Hubert Meredith, Attorney General, Guy H. Herdman and J. Sidney Caudel, Commonwealth's Attorney, for petitioner.

OPINION BY JUDGE THOMAS—Sustaining demurrer and dismissing petition.

At the November, 1940, term of the Montgomery Circuit Court its grand jury indicted one Ralph Blanton, whereby he was accused of the statutory felony denounced in Section 1214 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, i. e., seducing and having "carnal knowledge of any female under twenty-one years of age," if done "under promise of marriage." The second sentence says: "No prosecution shall be instituted where the person charged shall have married the girl seduced, or offer and be willing to marry her, unless he

shall wilfully and without such cause as constitutes a statute ground of divorce to the husband, abandon or desert her within three years after the date of the marriage, and any prosecution instituted shall, upon the request of the defendant, be suspended if the party accused marry the girl seduced before final judgment; but the prosecution shall be renewed and proceed as though no marriage had taken place if the accused shall wilfully and without such cause as constitutes a statutory ground of divorce to the husband abandon or desert his wife within three years after the marriage.'' The first part of that sentence inhibits the institution of a prosecution under the act, if the defendant had previously married the prosecutrix and was then living with her as her husband. The second part of the same sentence prescribes for the *suspension* of any prosecution that may have been instituted before such marriage, which suspension shall be made at the point reached in the prosecution at the time of the marriage, provided a discontinuance at that time would not produce jeopardy. The status thus produced continues throughout the period of three years of continuous living together, without abandonment by the husband for a just cause, at the expiration of which period the prosecution will finally terminate. But, if defendant abandons his wife before the expiration of the three year period without just cause for a divorce, then the prosecution may be renewed. The interpretation so outlined would not result in the suspension of a pending prosecution at the time of the marriage after the swearing of a jury to try the case until it had reached a verdict on the primary charge of seduction as described in the statute, or it had been otherwise legally discharged, when the right of suspension of the prosecution becomes effective at that juncture. So that if no judgment upon a verdict of guilty that might be returned by the jury was entered at the time of the marriage it would automatically stand suspended until such a time as under the provisions of the statute it could be rendered for failure of defendant to comply with its terms, provided such failure occurred at any time within the three year period following the marriage.

At the January regular term of the Montgomery circuit court Blanton was tried under the indictment returned against him followed by a verdict of guilty with an attached punishment of four years confinement in the state penitentiary. It was returned on the 21st day of

January, 1941. On the 28th day of the same month it was made known to the court that defendant had married the prosecutrix since the return of the verdict of the jury finding him guilty; whereupon the commonwealth's attorney entered motion that the verdict of guilty returned by the jury be set aside, which motion the court sustained—all of which happened before and without the rendition of a judgment upon the verdict. At the same time the court ordered the prosecution filed away with the right to later redocket it, if necessary.

Before the convening of the next regular term of the Montgomery circuit court in May, 1941, defendant abandoned his wife, which it is alleged in the petition herein was without legal cause for a divorce and at that succeeding term the commonwealth moved respondent to set aside the order of suspension of sentence against Blanton, and to also set aside the order setting aside the verdict of the jury—both of which were made at the prior January term of the Court—and to enter judgment upon the verdict of guilty returned by the jury at the January term of the court. The court overruled those motions, to which the commonwealth excepted and prayed and was granted an appeal to this court; but sixty days expired without prosecuting any appeal by petitioner.

This is an original action filed by petitioner, Commonwealth of Kentucky, against respondent, to obtain such writs, orders and mandatory processes as may be required to compel him to sustain the motions of the commonwealth which he had so overruled. A special demurrer has been filed by respondent to the petition, on the ground that this court has no jurisdiction to entertain the action, since petitioner's remedy to correct his erroneous rulings, if any, was by a timely prosecuted appeal to this court, but which it failed to adopt and permitted the time therefor to expire. That contention of respondent appears to have been confirmed by numerous opinions of this court, wherein we pointed out the limitations of our original jurisdiction conferred by Section 110 of our Constitution against inferior courts—or other governmental agencies whose actions may be so corrected or supervised by us under the provisions of the same section.

In the case of Litteral v. Woods, Judge, 223 Ky. 582, 4 S. W. (2d) 395, we distinctly affirmed—with the citation of many prior cases in support thereof—that such

original jurisdiction as above referred to would not be exercised by this court unless (1) the respondent was acting or about to act in excess of his jurisdiction, or (2) that respondent, though acting or about to act within his jurisdiction, but erroneously and which would be followed by great and irreparable injury to petitioner with no other adequate remedy available for the correction of such errors. That interpretation, so outlining our jurisdiction under the section of the Constitution referred to, has been continuously followed in a number of cases since that opinion was rendered on March 16, 1928, and also followed numerous opinions theretofore rendered which are set out in the Litteral opinion. Some of the many cases following and approving the outlining of the jurisdiction of this court, as made in the Litteral case, are, Stucker v. Jones, Judge, 261 Ky. 82, 83, 87 S. W. (2d) 110; McFarland v. Gilbert, 276 Ky. 423, 124 S. W. (2d) 473, and Sizemore v. Stivers, Judge, 287 Ky. 153, 151 S. W. (2d) 1059. The question, therefore, for determination is—whether or not petitioner is entitled to the orders from this court for which it prays in its petition?

The respondent in this case possessed undoubted jurisdiction, not only of the prosecution of Blanton, but also of all questions that might arise at or during his prosecution, which in this case would embrace petitioner's right to set aside the verdict of the jury convicting Blanton which was made at the term of Court wherein it was returned on January 21, 1941. He had jurisdiction then to make such orders as he might judicially determine were required of him in the future conduct of the prosecution of Blanton which in this case was in effect a suspension of rendering judgment upon the verdict. He likewise possessed undoubted authority to set aside the verdict that had been rendered during the same term, notwithstanding it might be followed by a termination of any future prosecution under the former jeopardy defense. After the verdict was so set aside no judgment could be rendered on it until the order setting it aside was likewise annulled so as to give the verdict vitality— all of which, we conclude, the court possessed authority to do at any time during the trial term of the case, and at which such orders were made. But in this case the term was adjourned until court in course with the verdict set aside by an order which became final upon the adjournment of the term at which it was made, and which

we, in effect, held in the case of Snyder v. Cox, 53 S. W. 263, 21 Ky. Law Rep. 796. Therefore, it would seem that the court correctly declined to set aside the setting aside order at the following May term of the court, since the order setting aside the verdict of the jury at the previous January term of the court was, in effect, the granting of a new trial, and it became final upon the adjournment of that (January) term of court. Respondent, therefore, did not possess the right to reinstate the verdict of the jury at the succeeding or any later term of the court.

On the other hand, if no such finality could be given to the order setting aside the verdict of the jury at the January term of court, and respondent did possess authority to sustain the commonwealth's motion made at the following May term of the court to set aside the order by which the verdict of the jury was set aside, then the refusal of the court to sustain that motion at the May term of court was one made within his jurisdiction, and, at most, would constitute only an erroneous action on his part, and from which an appeal by respondent to this court would lie. It, as we have seen, prayed for and was granted an appeal to this court, but neglected to prosecute it within the time allowed, which was sixty days from the time the erroneous order was made. Respondent, therefore, having acted within his jurisdiction with respect to the matters complained of, petitioner may not maintain this action upon interpretation (1) supra made by us in the Litteral opinion, and others. Neither can this action be maintained in this court under interpretation (2) supra, since petitioner's remedy was an appeal to this court which it declined to prosecute.

For the purposes of this case we need not discuss or determine other questions argued in briefs with respect to the proper interpretation of Section 1214, supra, of our Statutes, or what effect, if any, will the status so produced have upon Blanton's right to interpose former jeopardy to any new, or any renewed prosecution for the offense with which he is charged in the indictment against him. The determination of such questions is unnecessary to the disposition of this case, since whatever may be the consequences of the status so produced because of the rulings of the court complained of, it had the right and jurisdiction to make them and which culminated in the present situation. Respondent's jurisdiction is clearly sustained by the cases supra, and especial-

ly the recent Sizemore case which involved the jurisdiction of the respondent as judge of the Clay circuit court to determine whether or not a misdemeanor trial had before the county judge would constitute a bar to a trial for the same offense as charged in an indictment pending in his Court. We held therein that the respondent (circuit judge) possessed jurisdiction to determine that question, and that the remedy of the Commonwealth, if it was erroneously decided by respondent, was by appeal to this court.

It follows, therefore, that respondent's special demurrer filed to the petition should be, and it is, sustained, and the petition is dismissed.