[S.F. No. 24824. May 21, 1987.]

ANTON WENZOSKI et al., Plaintiffs and Appellants, v.
CENTRAL BANKING SYSTEM, INC., et al., Defendants and
Respondents.

540

**COUNSEL**

Thomas H. Carver for Plaintiffs and Appellants.

Severson, Werson, Berke & Melchior and Jan T. Chilton for Defendants and Respondents.

**OPINION**

**THE COURT.*** —We granted plaintiffs' petition for hearing November 21,

---

* Before Lucas, C. J., Mosk, J., Panelli, J., Arguelles, J., Eagleson, J., Kaufman, J., and Racanelli (John T.), J. †

---

†Racanelli, J., assigned by the Chairperson of the Judicial Council, subsequently deemed himself disqualified and did not participate.

1984. The court has been troubled by the procedural history of the case and requested additional briefing from the parties on the issue of whether plaintiffs' notice of appeal was timely filed. The supplemental briefing convinces us that it was not. We therefore dismiss the appeal for lack of jurisdiction.

The trial court granted defendants' motion to dismiss December 19, 1980, and a judgment of dismissal was entered January 2, 1981. On December 31, 1980, plaintiffs filed a motion for new trial, reconsideration, and for vacation of the dismissal. When plaintiffs realized that their first motion for new trial had been filed prior to the entry of the judgment of dismissal, they filed a second motion for new trial January 16. ▮ ▮▮▮▮▮ The second motion was not intended to amend the first new trial motion, nor to advance additional grounds for relief;[1] plaintiffs were simply concerned that their first motion may have been untimely because it was filed before notice of entry of judgment.[2]

▮▮ Plaintiffs' December 31 motions were denied by minute order January 20, 1981. The second motion for new trial was denied February 26. On March 20, 1981, plaintiffs filed a notice of appeal from the order dismissing their action made on December 19 and entered January 2, 1981, and from the order denying their motion to reconsider entered January 20, 1981.[3] Under rule 3(a) of the California Rules of Court, plaintiffs' notice of appeal should have been filed within 30 days of entry of the order of January 20 denying their new trial motion. Since it was not, the notice of appeal was

---

[1] The second motion for new trial purported to state a ground for relief which is not contained in the first motion, that of "newly discovered evidence." This must have been unintentional. When the trial court inquired, at the January 19 hearing on plaintiffs' December 31 motions, whether there was any reason why the two new trial motions could not be consolidated, plaintiffs made no mention of an additional ground for relief. Indeed, plaintiffs said there was nothing to prevent consolidation save their concern regarding the statutory requirement for affidavits supporting new trial motions; an affidavit had been filed in support of the first new trial motion, but, as of January 19, not in support of the second. Further, plaintiffs' affidavit in support of their second motion for new trial, filed January 30, makes no reference to newly discovered evidence. Finally, in their supplemental brief and during oral argument before this court, plaintiffs did not allege that their second motion for new trial was intended to advance an additional ground for relief.

[2] Plaintiffs' fears were unfounded. A motion for new trial filed after entry in the minutes of an order granting a motion to dismiss but before entry of the judgment of dismissal is timely. (Cf. *Olson* v. *County of Sacramento* (1969) 274 Cal.App.2d 316 [79 Cal.Rptr. 140]; see generally, *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 458-462 [20 Cal.Rptr. 321, 369 P.2d 937].)

[3] The full text of the notice of appeal reads: "Please take notice that the Plaintiffs appeal from the Minute Order of December 19, 1980 granting the motion of the defendants Central Banking Systems, Inc., and Central Bank for an Order of Dismissal, and the Judgment of Dismissal thereon, filed January 2, 1981, and the Order Denying the Motion of the Plaintiffs to reconsider the Minute Order of December 19, 1980 and the Judgment of Dismissal filed January 20, 1981."

untimely. Plaintiffs contend, however, that appeal was timely taken from the February 26 order.

■ It has long been the rule that "A final order *granting or denying* [a motion for new trial], regularly made, *exhausts the court's jurisdiction,* and cannot be set aside or modified by the trial court except to correct clerical error or to give relief from inadvertence under C.C.P. 473." (8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 129(b), p. 533, second italics added.) ■ The timeliness of plaintiffs' notice of appeal therefore turns on whether the January 20 denial of new trial or the February 26 denial of new trial was effective. Defendants argue that the January 20 order was effective. Plaintiffs deny that a new trial motion was ever filed prior to January 16.

We find plaintiffs' contention disingenuous. The record clearly reflects that there were two distinct motions for new trial and that the motions were not consolidated. At the January 19 hearing, plaintiffs informed the court, "[W]e *have made two motions for new trial. One is pending today. That's the Motion that was filed on December 31st . . . .*" (Italics added.) It is also clear that the court intended to—and did—treat the two motions independently. The *first* was denied on January 20 and the *second* on February 26.

Once the minute order of January 20 issued, the trial court lost jurisdiction to rule on plaintiffs' second motion for new trial. Instead, "[plaintiffs'] remedy is an *appeal from the judgment.*" (8 Witkin, *supra,* § 131(a), p. 534, italics in original.) Since the trial court lost jurisdiction over the case following the denial of the first new trial motion on January 20, plaintiffs' second new trial motion was not cognizable by that court.

If entry of the first denial was a clerical error, as plaintiffs maintain in their supplemental brief, plaintiffs should have brought it to the attention of the court. Even if the parties and the court were under a misapprehension (as they apparently were) that the court could properly consider a second motion for new trial, that subjective belief still does not cure the fundamental defect in the practice they followed. Plaintiffs were required to file their notice of appeal within 30 days of the denial of the first and only cognizable motion for new trial. Since they did not do so, their notice of appeal was untimely.

The appeal is dismissed for lack of jurisdiction.

Appellants' petition for a rehearing was denied July 2, 1987. Broussard, J., did not participate therein.