[No. G014118. Fourth Dist., Div. Three. Apr. 10, 1995.]

CHARLES L. FREIBERG, Plaintiff and Appellant, v.
CITY OF MISSION VIEJO, Defendant and Respondent.

**COUNSEL**

Robins, Kaplan, Miller & Ciresi, Hayward K. Colby, Joseph L. Dunn and Tanya Kittelson for Plaintiff and Appellant.

Edwin J. Richards for Defendant and Respondent.

OPINION

WALLIN, J.—Charles L. Freiberg attempts to appeal the judgment of nonsuit entered against him as to the City of Mission Viejo, contending there was evidence from which the jury could have found Mission Viejo liable. Mission Viejo moved to dismiss the appeal as untimely. We grant the motion and dismiss.

Because we find the appeal was not timely, only a brief summary of the facts is necessary. Freiberg, riding a motorcycle, collided with Loan Vu's pickup truck when she turned left in front of him near an intersection. He suffered severe injuries, including the loss of a leg. She did not see him until an instant before the impact. Freiberg presented expert testimony that the accident was caused in part by faulty construction and marking of the roadway. Despite this testimony, the court granted nonsuit as to Mission Viejo, reasoning that the accident was caused solely by Freiberg and Vu.

Judgment on the nonsuit was filed on October 21, 1992, and notice of entry was given on October 27. Freiberg noticed a motion for new trial on November 10. On November 25, the Vus served notice of the automatic stay resulting from their filing bankruptcy on November 19. A supplemental notice was filed on December 9.

On January 4, 1993, the trial court entered a minute order purporting to grant "[the Vus'] motion to stay further proceedings because of the pending Vu bankruptcy . . . ." On April 12, the court entered another minute order recognizing the Vu bankruptcy had been dismissed and the automatic stay had been vacated, and denying Freiberg's motion for new trial. Freiberg filed his notice of appeal the next day.

■ Mission Viejo argues Freiberg's notice of appeal was untimely. The primary questions are when did the time to appeal begin to run and when did it expire. As we noted in *Miller* v. *United Services Automobile Assn.* (1989) 213 Cal.App.3d 222 [261 Cal.Rptr. 515], under Code of Civil Procedure section 660[1] the trial court has 60 days from notice of entry of judgment to rule on a motion for new trial, at which time, absent a ruling, the motion is deemed denied as a matter of law.[2] At that point, the parties have 30 days to

---

[1] All statutory references are to the Code of Civil Procedure.
[2] Section 660 provides in relevant part: "[T]he power of the court to rule on a motion for a new trial shall expire 60 days from and after the mailing of notice of entry of judgment by the

appeal under California Rules of Court, rule 3.[3] (*Miller* v. *United Services Automobile Assn., supra,* 213 Cal.App.3d at p. 226; see also *City of Long Beach* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1114, 1116-1117 [225 Cal.Rptr. 227] [unlike rule 2, no notice of ruling on motion for new trial is necessary to start 30-day period running].)

Here, the 60-day limit on ruling expired on December 28,[4] unless the 60-day period could be extended for some reason. January 27 was the last day to file the appeal unless the time for appeal was somehow tolled.

We find only two cases discussing the possibility of any exception to the requirements of section 660. In *Schelbauer* v. *Butler Manufacturing Co.* (1984) 35 Cal.3d 442 [198 Cal.Rptr. 155, 673 P.2d 743, 38 A.L.R.4th 566], the Supreme Court suggested the trial court can de facto extend the section 660 period for performance of conditions precedent to denial of a new trial, e.g., additur. (35 Cal.3d at pp. 454-455, fn. 6.) That situation is inapplicable here.

In *In re Marriage of Liu* (1987) 197 Cal.App.3d 143 [242 Cal.Rptr. 649], the court reaffirmed the time under section 660 is jurisdictional, and held it starts to run from notice of motion if no notice of entry has been sent. The court assumed without deciding that there is a "beyond [a party's] control" exception to the section 660 limitation akin to that established by section 583.360,[5] but found the appellant did not show why he could not proceed without the transcript he had ordered. (197 Cal.App.3d at p. 151.)

No case has actually decided whether there is a similar exception regarding section 660. The analogy to section 583.360 is inapt, however, because

---

clerk of the court pursuant to Section 664.5 or 60 days from and after service on the moving party by any party of written notice of the entry of the judgment, whichever is earlier, or if such notice has not theretofore been given, then 60 days after filing of the first notice of intention to move for a new trial. If such motion is not determined within said period of 60 days, or within said period as thus extended, the effect shall be a denial of the motion without further order of the court."

[3]Rule 3 provides in relevant part: "(a) When a valid notice of intention to move for a new trial is served and filed by any party, and the motion is denied, the time for filing the notice of appeal from the judgment is extended for all parties until 30 days after either entry of the order denying the motion or denial thereof by operation of law, but in no event may such notice of appeal be filed later than 180 days after the date of entry of the judgment whether or not the motion for new trial has been determined."

[4]Sixty days after notice of entry of judgment was given on October 27 was December 26, which fell on a holiday. The next business day was December 28.

[5]That section deals with dismissals for failing to bring a case to trial within applicable time periods.

that section is mandatory but not jurisdictional. (See *Lauriton* v. *Carnation Co.* (1989) 215 Cal.App.3d 161, 163-164 [263 Cal.Rptr. 476] [§ 583.360 mandatory but trial court's decision will be overturned only for abuse of discretion].) And the distinction between civil and criminal cases regarding exceptions to late appeals has been rigorously observed. (See, e.g., *People* v. *Snyder* (1990) 218 Cal.App.3d 480, 493, fn. 8 [266 Cal.Rptr. 915] [distinguishing civil cases which do not allow for an estoppel exception].)

Assuming there may be a "beyond a party's control" exception, it could not be applied here. The Vus filed bankruptcy in November before the 60 days expired, but a bankruptcy stay is only effective as to the party in bankruptcy; a plaintiff must proceed against nonbankrupt defendants. (*Barnett* v. *Lewis* (1985) 170 Cal.App.3d 1079, 1088 [217 Cal.Rptr. 80]; see also *Lauriton* v. *Carnation Co., supra,* 215 Cal.App.3d at p. 164 [bankruptcy stay does not prevent trustee from suing].) Under *In re Marriage of Liu, supra,* 197 Cal.App.3d 143, Freiberg had the power to proceed against Mission Viejo. There were no circumstances beyond his control which might excuse the failure to obtain a timely ruling on the motion for new trial, so there is no reason for that period to be extended. (*Id.* at p. 149; cf. *Lane* v. *Newport Bldg. Corp.* (1986) 176 Cal.App.3d 870, 873-874 [222 Cal.Rptr. 443] [counsel's assumption that one defendant's bankruptcy stayed the case as to others was unreasonable re tolling of section 583].)

The 30-day period to appeal after the motion was denied by operation of law expired on January 27 unless the period could be extended or compliance excused. But relief from the default provision of California Rules of Court, rule 45 is not applicable to late notices of appeal.[6] Neither the trial court nor Court of Appeal may extend the time without statutory authorization, even for mistake, estoppel, or other equitable reasons. The time for appeal is absolutely jurisdictional. (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d 660, 666 [125 Cal.Rptr. 757, 542 P.2d 1349]; see also *Pressler* v. *Donald L. Bren Co.* (1982) 32 Cal.3d 831, 835, fn. 6 [187 Cal.Rptr. 449, 654 P.2d 219] [reaffirming estoppel is not a ground]; *Stuart Whitman, Inc.* v. *Cataldo* (1986) 180 Cal.App.3d 1109, 1113 [226 Cal.Rptr. 42] [reaffirming the strict rule of *Hollister*]; cf. *United Farm Workers of America* v. *Agricultural Labor Relations Bd.* (1985) 37 Cal.3d 912, 917 [210 Cal.Rptr. 453, 694 P.2d 138] [distinguishing tardy filing from the case where the defect in the notice was as to form and clerk rejected it].) No post-*Hollister* case has put even a minor chink in the armor of the rule.

---

[6]Rule 45(e) provides: "The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, *except the failure to give timely notice of appeal.*" (Italics added.)

*Wenzoski* v. *Central Banking System, Inc.* (1987) 43 Cal.3d 539 [237 Cal.Rptr. 167, 736 P.2d 753], a case analytically similar to this one, demonstrates the rule's rigidity. There the trial court allowed a second motion for new trial after denying the first. The Supreme Court held the trial court lost jurisdiction to do anything in the case after ruling on the first motion, making proceedings on the second a nullity. The time for appeal ran from the denial of the first motion, and the appellant was not entitled to relief from a tardy filing even if the trial court erroneously led the parties to believe it could rule on the second motion. (*Id.* at p. 542.)

Absent estoppel, tolling would be the only way to find the appeal was timely. Although there is no case law precisely on point, we assume the time for appeal is tolled against a bankrupt defendant. But tolling of the time as to the Vus had no effect on the time to appeal as to Mission Viejo. (See *Barnett* v. *Lewis, supra,* 170 Cal.App.3d at p. 1088.)

The only event which arguably tolled the time for filing the notice of appeal was the trial court's stay entered on January 4 and vacated on April 12, 1993. Trial courts generally have the inherent power to stay proceedings in the interests of justice and to promote judicial efficiency. (*Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 266 [279 Cal.Rptr. 576, 807 P.2d 418]; *Rice* v. *Superior Court* (1982) 136 Cal.App.3d 81, 89 [185 Cal.Rptr. 853]; cf. *Koch-Ash* v. *Superior Court* (1986) 180 Cal.App.3d 689, 696 [225 Cal.Rptr. 657] [§ 36 trial preference for cases involving senior citizens overrides trial court's inherent power to stay proceedings].) However, that power may only be exercised if the trial court has jurisdiction over the case. Since the trial court had no jurisdiction to do anything after the new trial motion was deemed denied by operation of law on December 28, it had no proceedings to stay. (*Wenzoski* v. *Central Banking System, Inc., supra,* 43 Cal.3d at p. 542.) The public policy favoring speedy appeals outweighs a trial court's interest in staying one defendant's appeal, while another is subject to a bankruptcy stay. (*Koch-Ash* v. *Superior Court, supra,* 180 Cal.App.3d at p. 696.)

Although it may be in the interests of justice to stay a trial until another party's appeal is decided, the converse—that it is desirable to put off one party's appeal because another party cannot proceed—is contrary to the consistently espoused policy in favor of speedy appeals. (See *Hollister Convalescent Hosp., Inc.* v. *Rico, supra,* 15 Cal.3d at p. 666; see also *Tinsley* v. *Palo Alto Unified School Dist.* (1979) 91 Cal.App.3d 871, 880 [154 Cal.Rptr. 591] [exception to one final judgment rule for multiple parties in a severable judgment].)

Mission Viejo's motion is granted and the appeal is dismissed.

Sills, P. J., and Sonenshine, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 22, 1995.