997 So.2d 241 (2008)
Kanethia EDWARDS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-KA-01064-COA.
Court of Appeals of Mississippi.
December 16, 2008.
*242 Johnnie E. Walls, Greenville, attorney for appellant.
Office of the Attorney General by Lisa Lynn Blount, attorney for appellee.
Before KING, C.J., GRIFFIS and CARLTON, JJ.
GRIFFIS, J., for the Court.
¶ 1. Following a jury trial in the Circuit Court of Bolivar County, Kanethia Edwards was convicted of aggravated assault in violation of Mississippi Code Annotated section 97-3-7(2)(b) (Rev.2006). She was sentenced to six years in the custody of the Mississippi Department of Corrections, with two years to serve and four years suspended. Edwards now appeals claiming that: (1) the circuit court erred by failing to verify that the guilty verdict was the unanimous decision of all twelve jurors; (2) the circuit court erred in denying an evidentiary hearing to determine whether the jury's decision to render a verdict based on majority rule constituted the introduction of extraneous prejudicial information into the jury deliberations that denied Edwards a fair trial; and (3) the cumulative effect of all the errors requires the reversal of her conviction and sentence. We find no reversible error and affirm.

FACTS
¶ 2. Edwards, an eleventh grade student at West Bolivar High School, was charged with aggravated assault following a fight with Angelique Lewis, another eleventh grade student. On September 27, 2006, Lewis was sent home from school because she was dressed inappropriately. A rumor began to spread that Lewis went home because she had been pushed by Edwards and was afraid of Edwards.
¶ 3. After school, some of Lewis's friends told her about the rumor, and Lewis became upset. She called Edwards, and the two began to argue over the telephone. Edwards later came over to the apartment complex where Lewis was visiting with friends. The two began to argue again, and someone suggested that they take their argument to the park across the street from the apartments. Edwards went to her car before crossing the street into the park.
¶ 4. Edwards and Lewis then engaged in a fist fight, and four others  two of Edwards's friends and two of Lewis's *243 friends  also began fighting. Lewis yelled that Edwards had a knife, and the others ceased their fighting. Lewis was bleeding; as she was being assisted by a resident of the apartment complex, Edwards stabbed Lewis in the side with the knife. Lewis was then transported first to a medical clinic and then to the hospital. She suffered four stab wounds, one resulting in a punctured lung.
¶ 5. Multiple witnesses testified that they saw Edwards pull the knife from under her shirt and stab Lewis. However, Edwards maintained that Lewis was the one who pulled the knife, and she merely fought back in self-defense. The jury found Edwards guilty of aggravated assault. The circuit court, on its own motion, polled the jury to be sure that the vote was unanimous. The record reflects that there was no audible response given by jurors eight, ten, and twelve. However, the circuit judge then stated that the verdict was unanimous and dismissed the jury.

ANALYSIS

1. Whether the circuit judge failed to verify that the jury's guilty verdict was a unanimous decision.
¶ 6. Edwards argues that the circuit court erred by failing to grant her motion for a new trial "when the record shows that the polling of the jury failed to verify a verdict of guilty as reported by the jury and accepted by the [circuit] court thereby denying [her] a fair trial." The State responds that this assignment of error was waived as there was no contemporaneous objection made at trial.
¶ 7. "When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005). The evidence is weighed in the light most favorable to the verdict. Id. "[T]he power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict." Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947(¶ 18) (Miss.2000)).
¶ 8. After jury deliberations concluded, the following exchange occurred after the jury returned to the courtroom:
THE COURT: I ask the clerk to read the verdict.
THE CLERK: "We, the jury, find the defendant guilty."
THE COURT: You may sit down. I've got one more task. That is, let me go at the top. Juror 1, I'll say, is that your verdict, yes or no? Juror 1? You got to say "yes" or "no."
JUROR NO. 1: Yes.
THE COURT: Two?
JUROR NO. 2: Yes.
THE COURT: Three?
JUROR NO. 3: Yes.
THE COURT: Four?
JUROR NO. 4: Yes.
THE COURT: Five?
JUROR NO. 5: Yes.
THE COURT: Six?
JUROR NO. 6: Yes.
THE COURT: Seven?
JUROR NO. 7: Yes.
THE COURT: Eight? Nine?
JUROR NO. 9: Yes.
THE COURT: Ten? Eleven?
JUROR NO. 11: Yes.
THE COURT: Twelve?
All right. The jury has been polled. It's a unanimous decision. Y'all are released. We don't have any more *244 cases to be heard this week. Thank you for your service. This community would not stand without you.
¶ 9. There were no objections from either the State or Edwards's counsel concerning the unanimity of the verdict. Following the imposition of Edwards's sentence, she filed a motion for a new trial or judgment of acquittal. That motion did not challenge the verdict on this issue; in fact, Edwards states in the motion that the jury returned "with a unanimous verdict of `Guilty.'" The motion was denied by the circuit court.
¶ 10. Subsequently, after the substitution of new counsel for Edwards, a supplement to her motion for a new trial or judgment of acquittal was filed. In that supplement, Edwards claimed that she had information that the jury verdict was not unanimous but was instead based upon a majority vote and, thus, contrary to the law. She attached an affidavit of Anthony Usry, one of the jurors in the case. Usry stated the following:
During the course of deliberations the jurors, including myself, discussed the case and votes three (3) times on the verdict. The first vote was seven (7) for not guilty and five (5) for guilty. We continued to deliberate and after [the vote] was nine (9) for "not guilty" and three (3) for "guilty." We continued to deliberate and took a third vote. Prior to the third vote, the foreman ... and others began to discuss that on the next vote we should go by the majority and allow the majority vote to be the verdict of the jury. The foreman suggested that in order to reach a verdict the jury should agree to allow the majority to be the verdict. During the discussions about the majority vote, I, and at least two (2) other jurors voiced that no matter what the vote was, we were going to vote "not guilty." When the last vote turned out to be seven (7) for guilty and five (5) for "not guilty" one of the ladies on the jury wrote the verdict on a sheet of paper and gave it to the foreman and he knocked on the door. We then went in to the courtroom and the foreman gave the verdict to the court.
¶ 11. The circuit court denied the supplemental motion. Edwards then filed a motion to reconsider claiming that the circuit court improperly denied the motion without an evidentiary hearing. Thereafter, the circuit court denied the motion to reconsider based on the fact that the circuit judge had found the verdict to be unanimous after polling the jury and because an evidentiary hearing was not required by law.
¶ 12. Edwards states that the circuit court's finding that the verdict was unanimous is unsupported by the record as there was no audible response from jurors eight, ten, and twelve. We agree with the State that Edwards is procedurally barred from raising this issue for two reasons. First, Edwards did not object after the jury was polled. There was no objection after jurors eight, ten, and twelve did not audibly respond, nor was there an objection after the circuit court concluded that the jury verdict was unanimous. The supreme court has held numerous times that: "Failure to make a contemporaneous objection [at trial] waives an issue for purposes of appeal." Spicer v. State, 921 So.2d 292, 305(¶ 22) (Miss.2006).
¶ 13. Second, the circuit court had no authority to consider the supplemental motion because it had already denied Edwards's first motion for a new trial or judgment of acquittal. This Court has held that: "Nothing in the civil rules authorizes a motion to reconsider the denial of a motion for a JNOV or for a new trial." Edwards v. Roberts, 771 So.2d 378, *245 384(¶ 20) (Miss.Ct.App.2000). Further, it is well settled that:
after a motion for new trial has been denied, no right exists to file for reconsideration. We find that reasoning equally applicable to motions for JNOV. "When the procedure authorizing a motion for a new trial has been followed and, pursuant to proper notice, the parties have made their representations to the court, and the court has duly considered and made [its] decision upon that motion, that completes both the duty and the prerogative of the court." Griffin v. State, 565 So.2d 545, 550 (Miss. 1990) (emphasis added).
Id. at (¶ 21). Here, the circuit court denied Edwards's first motion in an order signed and dated April 27, 2007, and filed on May 1, 2007, at 1:16 p.m. Edwards did not file her supplemental motion until May 1, 2007, at 3:11 p.m. Her motion to reconsider was not filed until May 27, 2007. Because the circuit court denied the first motion before the supplemental motion was filed, the court had no authority to change its prior ruling due to the new issues raised in the supplemental motion. Thus, we find that Edwards is procedurally barred from raising this issue on appeal.
¶ 14. Notwithstanding the procedural bar, we find that this issue also lacks merit. Edwards bases her argument on Rule 3.10 of the Uniform Rules of Circuit and County Court which states in part:
The court shall inquire if either party desires to poll the jury, or the court may on its own motion poll the jury.... If the court, on its own motion, or on motion of either party, polls the jury, each juror shall be asked by the court if the verdict rendered is that juror's verdict.... If a juror dissents in a criminal case ... the court may: 1) return the jury for further deliberations or 2) declare a mistrial.
¶ 15. Edwards asserts that this rule "presuppose[s] that the [circuit c]ourt will assure that a juror will give an audible response to the Court's mandated inquiry for purposes of the record.... The only conclusion which on[e] could reach from the fact that a juror does not give an affirmative audible response that is recorded in the record is that the juror did not agree with the verdict and offered no audible response." We find this argument unconvincing.
¶ 16. Although it is customary, and expected, nothing in Rule 3.10 requires that each juror give an audible response. It mandates that each juror be asked by the circuit court if the announced verdict is that juror's verdict. Here, the record clearly shows that the circuit judge determined the verdict to be unanimous. We cannot assume, as Edwards suggests, that the lack of an audible response indicates that those jurors disagreed with the verdict. To do so would require us to ignore the specific finding of the circuit judge that is contained in the record and to which there was no objection  either by counsel or by any juror who was allegedly in disagreement. We find that the circuit judge properly denied Edwards's motion for a new trial or judgment of acquittal. Accordingly, this issue has no merit.

2. Whether the circuit judge erred by denying Edwards an evidentiary hearing to determine whether the jury's decision to render a verdict based on majority rule constituted the introduction of extraneous prejudicial information into the jury deliberations that denied Edwards a fair trial.
¶ 17. Edwards next contends that the circuit judge should have granted an evidentiary hearing for her to set forth proof that the jury based its guilty verdict on a majority vote instead of reaching a *246 unanimous decision as was instructed by the circuit court. Specifically, she claims that the affidavit of Juror Usry proves that extraneous prejudicial information was introduced into the jury's deliberations.
¶ 18. We again find that this issue is procedurally barred from appeal. As we held in issue one above, the circuit judge did not have authority to modify his denial of Edwards's first motion for a new trial or judgment of acquittal. Edwards did not raise this issue until she did so in her supplement to the original motion, and she failed to request an evidentiary hearing until her motion for reconsideration. Thus, as the circuit court had no power to decide this issue, Edwards is procedurally barred from raising it on appeal.
¶ 19. Despite the procedural bar, we conclude that this issue also lacks merit. We note that: "The trial court has `considerable discretion' in determining whether to grant an evidentiary hearing." Meeks v. State, 781 So.2d 109, 114(¶ 14) (Miss.2001). Here, the circuit judge held that:
the law is clear and an evidentiary hearing is not necessary in this matter. According to [M.R.E.] 606(b), a juror is not a competent witness to impeach the validity of the jury's verdict following trial. The only exception is where there is an allegation that extraneous extrajudicial information was improperly brought before the jury. There is no such allegation contained in the Defendant's motion.
Rule 606(b) of the Mississippi Rules of Evidence states:
Inquiry into validity of verdict or indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.
(Emphasis added).
¶ 20. Edwards contends that Juror Usry's statement that the jury decided to take a majority vote proves that extraneous prejudicial information was introduced by one of the jurors; thus, the circuit court erred by not inquiring into this matter. The State responds that Edwards did not show the good cause necessary for an evidentiary hearing because Juror Usry's allegation did not constitute extraneous information.
¶ 21. The procedure to determine whether an evidentiary hearing is necessary has been set forth by the supreme court:
Once an allegation of juror misconduct arises, then the next step is to consider whether an investigation is warranted. In order for the duty to investigate to arise, the party contending there is misconduct must make an adequate showing to overcome the presumption in this state of jury impartiality.... At the very minimum, it must be shown that there is sufficient evidence to conclude that good cause exists to believe that there was in fact an improper outside influence or extraneous prejudicial information.

*247 Gladney v. Clarksdale Beverage Co., 625 So.2d 407, 418-19 (Miss.1993) (emphasis added).
¶ 22. Here, we find that Edwards did not show good cause to believe that an improper outside influence or extraneous prejudicial information was introduced. All that Edwards presented was Juror Usry's allegation that the jury took a majority vote, a statement in direct conflict with the circuit judge's finding of unanimity documented in the record.
¶ 23. A similar question was considered by the supreme court in Payton v. State, 897 So.2d 921, 952 (¶ 123) (Miss.2003). There, the defendant, in his motion for a new trial, argued for the admissibility of juror affidavits that would show that the jurors believed that they could not go home without returning a unanimous verdict. Id. The supreme court noted that the jurors were confused about the voting process despite being fully appraised of the law. Id. at 956 (¶¶ 139, 141). Especially taking into consideration that the jury was polled and no juror stated that he voted just so he could go home, the supreme court found no error stating that "the jurors' misconceptions regarding the voting process is a matter personal to those jurors and therefore improper evidence to impeach their verdict." Id. at (¶ 142) (citing Gladney, 625 So.2d at 419).
¶ 24. Just as in Payton, we find that the mere allegation that the jury took a majority vote does not constitute outside influence or extraneous information. The circuit court clearly instructed the jury that "all twelve jurors must agree on a verdict in this case." The jury's misconception about their vote was a matter personal to the jurors. It cannot be allowed to impeach the verdict, especially considering that no juror took objection to the court's conclusion on the record that the verdict was unanimous. Accordingly, this issue has no merit.

3. Whether the cumulative effect of all the errors requires a reversal of Edwards's conviction and sentence.
¶ 25. Finally, Edwards claims that her conviction and sentence should be reversed due to the cumulative effects of the above assignments of error even though each error independently would not require reversal. However, we find no error in the issues discussed above. "As there was no reversible error in any part, so there is no reversible error to the whole." McFee v. State, 511 So.2d 130, 136 (Miss.1987). Consequently, this issue is also without merit.
¶ 26. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS TO SERVE AND FOUR YEARS SUSPENDED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., CONCURS IN PART AND RESULT.