# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CP-01082-SCT

*CEDRIC BELL*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 9/17/96 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  CHARLES W. MARIS, JR. |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION - 7/29/1999 |
| MOTION FOR REHEARING FILED: | 04/23/99 |
| MANDATE ISSUED: | August 5, 1999 |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The motion for rehearing is granted. The original opinion in this case is withdrawn and this opinion is substituted therefor.

¶2. Appellant Cedric Bell and an accomplice robbed a convenience store on August 18, 1991. The next day they robbed a gas station. The two were arrested and indicted on two counts of armed robbery. Bell appeared in Lee County Circuit Court on July 30, 1992, and pleaded guilty to both counts.

¶3. Circuit Judge Barry Ford sentenced Bell to two (2) twenty-year terms to run concurrently "with any sentence that [Bell] might receive or already have received ... in the District Court of the Northern District of Mississippi."

¶4. On May 13, 1996, Bell filed a motion for post-conviction relief in which he alleged the existence of "material facts, not previously presented and heard" that would "require vacation or reduction of the sentence in the interest of justice."

¶5. Judge Ford denied Bell's motion for post-conviction relief on September 17, 1996. Bell timely appealed.

## FACTS OF THE CASE

¶6. At the change of the plea hearing, the circuit court asked the State for a sentence recommendation. The following exchange occurred:

> MR. GEDDIE [for the State]: Yes, Your Honor, the State recommends that the defendant in each of    the two causes be sentenced to a term of twenty years and that those two terms be allowed to run concurrently. The State has no recommendation to any fine, if the Court sees fit to impose a prison term, it doesn't seem very practical. We would ask that the Court Order that restitution be made on such time as the defendant being able to do that.

> MR. FARRELL [for defense]: **May it Please the Court, Your Honor, as I brought to the Court's attention earlier, we obtained some information on federal charges and we would respectfully ask the Court to sentence, -if the Court imposes that , to run it concurrently with the federal charges also.**

> THE COURT: Do you have a cause number?

MR. FARRELL: Your Honor, I believe I do. I will have to get that, Your Honor.

* * * *

THE COURT: It is the sentence of this Court that in Cause CR92-099, STATE v. BELL, Mr. Bell, that you serve a term of twenty years in the State Department of Corrections; that you pay Court costs in this Cause number, and that you make full and complete restitution to Gordon Sharp doing business as B-Quick, upon your release that you begin making restitution in the amount to be determined.

It is also the sentence of this Court that in Cause number CR92-100, STATE v. BELL, that you serve a term of twenty years in the State Department of Corrections; that twenty years in CR92-100 is to run concurrent with the twenty years you received in CR92-099. You will pay Court costs in this Cause number also. You will make full and complete restitution to R.R. Morrison doing business as Fast Lane. You are to begin making this restitution within six months from the date of your release, that is, in Cause number CR92-099, as well as CR92-100.

**The twenty-year sentence that is in both these Cause numbers is to run concurrent with any sentence that you might receive or already have received in Cause #CRD88-72-S, and #CRD99-73-S, in the District Court for the Northern District of Mississippi.**

**It is to run concurrent from this date. You are to be given credit for any and all time you have heretofore served in the Lee County jail on these charges. You understand the sentence that you have just received?**

DEFENDANT BELL: Yes, Your Honor.

THE COURT: Do you have any questions?

DEFENDANT BELL: **Your Honor, I have four years and eight months in district court.**

THE COURT: **Well, the twenty years you received, it is to run concurrent with that.**

DEFENDANT BELL: Yes, sir.

THE COURT: **You are to do them at the same time. Does that clear your question up?**

DEFENDANT BELL: Yes, Your Honor.

(Emphasis added.)

¶7. On May 13, 1996, Bell filed a motion for post conviction relief in which he alleged the existence of "material facts, not previously presented and heard" that would "require vacation or reduction of the sentence in the interest of justice."

¶8. In his motion for post conviction relief, Bell alleged (1) the sentences imposed were disproportionate "in relation to other sentences imposed in the Lee County Circuit Court and in the United States District Court," (2) the statute under which the conviction and sentence were obtained is unconstitutional, (3) the federal authorities failed to abide by the sentencing order which purported to run the instant sentences concurrently with two federal sentences, (4) the transcript "fails to reflect that the Defendant was informed of the maximum and minimum sentences and fine that could be imposed," and (5) he had been a model prisoner and requested his sentences be reduced to time served or that they be reduced "to conform to the sentence imposed by the Court ...."

¶9. Judge Ford denied Bell's motion for post-conviction relief on September 17, 1996. Bell timely appealed.

## DISCUSSION OF THE LAW

¶10. Bell designates five assignments of error:

**I. APPELLANT CEDRIC BELL'S GUILTY PLEAS WERE NOT MADE KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.**

**II. APPELLANT CEDRIC BELL'S ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING BELL OF THE CONSEQUENCES OF PLEADING GUILTY, AND BECAUSE COUNSEL ADVISED APPELLANT TO ENTER THE PLEAS OF GUILTY BASED UPON A MISREPRESENTATION BY HIM TO BELL THAT THE RESULTING SENTENCES WOULD RUN CONCURRENT TO THE FEDERAL SENTENCES, WHEN THE FEDERAL AUTHORITIES HAD NOT CONSENTED TO THIS AGREEMENT.**

**III. THE TRIAL COURT ERRED IN ACCEPTING APPELLANT BELL'S GUILTY PLEAS WHEN THE STATE PLEA AGREEMENT AND RESULTING STATE SENTENCES INCORPORATED, FEDERAL SENTENCES TO RUN CONCURRENT WITH THE RESULTING STATE SENTENCES, WITHOUT FIRST SECURING CONSENT AND AGREEMENT FROM FEDERAL AUTHORITIES.**

**IV. APPELLANT BELL'S GUILTY PLEAS ARE INVALID BECAUSE THEY WERE BASED UPON A PLEA AGREEMENT WHICH WAS SUBSEQUENTLY BREACHED.**

**V. APPELLANT WAS DENIED HIS RIGHT TO AN EVIDENTIARY HEARING UNDER THE MISSISSIPPI UNIFORM POST CONVICTION COLLATERAL RELIEF ACT (1984).**

¶11. The State argues Bell's claims are barred by the three-year statute of limitations of the Mississippi Uniform Post-Conviction Relief Act. Miss. Code Ann. §§ 99-39-1 to -29 (1994 & Supp. 1998). Section 99-39-5(2) of the Act requires a motion for relief in the case of a guilty plea be made within three years after the entry of judgment of conviction.

¶12. Bell pleaded guilty on July 30, 1992, and the judgment of conviction was entered that same day. Under the Act, Bell was required to file any collateral attack on his plea or sentence by July 30, 1995. Since he did not file his petition until May 13, 1996, the State argues Bell is procedurally barred from now attacking his guilty plea.*Odom v. State*, 483 So. 2d 343, 344 (Miss. 1986).

¶13. While the State is correct that Bell failed to file his petition within the three-year period allowed by the Act, the Act also provides for appeals beyond the three-year period when the prisoner can "demonstrate ... that he has evidence, not reasonably discoverable at the time of the trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence." Miss. Code Ann. § 99-39-5(2). This exception brings us directly to Bell's fifth assignment of error.

### V. APPELLANT WAS DENIED HIS RIGHT TO AN EVIDENTIARY HEARING UNDER THE MISSISSIPPI UNIFORM POST CONVICTION COLLATERAL RELIEF ACT (1984).

¶14. "Pursuant to the Mississippi Uniform Post-Conviction Collateral Relief Act a petitioner is entitled to an in-court opportunity to prove his claims if the claims are procedurally alive, substantially showing a denial of a state or federal right." *Washington v. State*, 620 So. 2d 966, 967-68 (Miss. 1993) (internal citations omitted). This court has further held, "[u]nder the holding in *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992), an evidentiary hearing is necessary if the plea hearing 'does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance.'" *Roland v. State*, 666 So. 2d 747, 751 (Miss. 1995).

¶15. When Bell pleaded guilty to two counts of armed robbery in Lee County Circuit Court, the trial judge sentenced him to two twenty-year terms to run concurrently with any sentence Bell had received in federal district court in the Northern District of Mississippi. However, from the limited record presented, it appears Bell's federal sentence will not begin to run until he is released from custody of the Mississippi Department of Corrections and turned over to federal authorities. In support of a hearing on his motion for post conviction relief, Bell offered a letter dated August 30, 1995, from federal authorities informing Bell that his federal sentence would run consecutively to, as opposed to concurrently to, his state sentence. As such, Bell may be able to show that the letter, which is dated after the three year statute of limitations had run, constitutes new evidence not reasonably discoverable at the time of trial which would have caused a different result in the sentence. Hence, we find the trial judge erred in denying Bell's motion for post-conviction relief without first holding an evidentiary hearing to determine if the letter from federal authorities would constitute new evidence so as to except Bell's motion from the three-year statute of limitations period within the Act.

¶16. Should the trial court find Bell's claim to be excepted from the three-year statute of limitations period within the Act, Bell is entitled to seek the proper execution of his sentence.

¶17. As it now stands, Bell will serve out the remainder of his state sentence and only then begin serving his federal time -- in contradiction to the trial judge's order that the federal sentence and state sentences be served concurrently.

¶18. The State argues that the trial court lacked the authority in the first instance to order Bell's state sentence to run concurrently to his federal sentence, and, therefore, that portion of the judgment should be treated as "mere surplusage, and simply disregarded." We disagree. This Court has repeatedly recognized that sentencing is within the sound discretion of the trial judge and is not to be disturbed so long as it is within the sentencing range provided by the legislature. *See, e.g.*, ***Hoops v. State***, 681 So. 2d 521, 537 (Miss. 1996); ***Hopson v. State***, 625 So. 2d 395, 404 (Miss. 1993); ***Davis v. State***, 724 So. 2d 342, 344 (Miss. 1988). A canvassing of state opinions reveals a number of instances in which this court has left undisturbed a trial court's discretionary order that a state sentence was to run concurrently to a federal sentence. *See, e.g.*, ***State of Mississippi v. Pittman***, No. 79-Ct-00265-SCT, 1998 WL 541982 (Miss. 1998); ***Vice v. State of Mississippi***, 679 So. 2d 205 (Miss. 1996). Moreover, the Mississippi legislature has enacted no law limiting the exercise of discretion in this manner. Noting that it has been the widespread custom and practice for trial judges to provide for federal and state sentences to be run concurrently, we decline to restrict the discretion of trial judges in this regard.

¶19. We specifically find that the trial judge's order for the state sentence to run concurrently to the federal sentence does not constitute "mere surplusage [to be] simply disregarded." If that portion of the order were disregarded, the trial judge's original sentence would be overturned without a concomitant finding of abuse of discretion. Also, the sentence would, in effect, be modified after the end of the term of court in which Bell was sentenced, a practice which this Court has forbidden. *See* ***Dickerson v. State***, 1998 WL 951496, \*3 (Miss. Jan. 21, 1998); *see also* ***Mississippi Comm'n of Judicial Performance v. Russell***, 691 So. 2d 929 (Miss. 1997).

¶20. Should the trial court determine Bell has newly discovered evidence which may justify relief, the trial judge should hold an evidentiary hearing to determine the status of Bell's state and federal sentences. Once the status of both sentences is determined, the trial judge could take appropriate action to ensure his original sentencing order is properly carried out. For example, the trial judge could order Bell released from state custody and turned over to federal officials to begin serving his federal sentence. Bell's time in federal custody could then be counted against his remaining state sentence. Such an approach would not require the trial court to modify Bell's original sentence. Rather the trial court would simply be exercising its power to see that its sentence was properly carried out.

# CONCLUSION

¶21. On remand, the trial court should hold an evidentiary hearing to determine (1) whether Bell's motion is excepted from the three-year statute of limitations period within the Act; and (2) the status of Bell's federal and state sentences. If needed, a remedy may be fashioned to ensure the terms of the original sentencing order are carried out.

¶22. We decline to rule on Bell's first four assignments of error, as they are not properly before the Court.

¶23. Accordingly, we reverse the order of the Lee County Circuit Court in part to the limited extent that it denied Bell an evidentiary hearing.

¶24. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN and PITTMAN, P.JJ., BANKS, McRAE AND MILLS, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE OPINION JOINED BY COBB, J.**

**SMITH, JUSTICE, DISSENTING:**

¶25. Circuit Judge Barry Ford sentenced Bell to two (2) twenty-year terms to run concurrently "with any sentence that [Bell] might receive or already have received . . . in the District Court for the Northern District of Mississippi." Maj. Op. at 3. Bell had pled guilty to two counts of armed robbery and received a sentence recommendation in exchange. Maj. Op. at 2. However, the State's sentence recommendation did not mention any possible federal sentence. Rather, the trial judge added running the state sentences concurrent with any federal sentences at Bell's request. Because the federal court did not follow the mandate of the state sentence and run its sentence concurrent to the state sentences, the majority now holds that Bell is entitled to a post-conviction relief evidentiary hearing to determine the status of his federal and state sentences. Maj. Op. at 7.

¶26. The majority has cited no specific case or statutory authority on which its determination rests because there is none. In fact, our case law flows in the opposite direction. In ***Mississippi Comm'n of Judicial Performance v. Russell***, 691 So. 2d 929 (Miss. 1997), this Court stated that "there is no inherent authority to alter or vacate a judgment, but rather legislation is required." ***Id.*** at 944 (*citing **Harrigill v. State***, 403

So. 2d 867, 868-69 (Miss. 1981)). Furthermore, in ***Russell***, this Court stated, as follows:

> In essence, Judge Russell calls upon this Court to define the limits of the circuit judge's authority. We did so in ***Griffin v. State***, 565 So. 2d 545 (Miss.1990) where we held that "[a] court can only act as specifically authorized by either the Constitution or by statute." ***Id.*** at 547. Although, we recognized that "there has been a vast expansion by statutory enactment of the times within which circuit judges are lawfully empowered to conduct court affairs", this Court held that "the passage of the next term of court deprived the circuit court of any further authority to reinstate [the convictions]." ***Id.*** at 550.

> Therefore, if a court lacks the authority to reinstate the convictions and sentences handed down during a prior term of court, the converse must also be true: the circuit court lacks authority to suspend sentences after the term of court.

691 So. 2d at 944. *Accord* ***In re Moore***, 722 So. 2d 465, 469 (Miss. 1998) (holding that a trial judge acted outside his authority in releasing inmate beyond 180-day time period for modifying or amending sentence); ***Dickerson v. State***, 731 So. 2d 1082 (Miss.1998)) (holding that a judge may not alter or vacate a sentence once the term of court in which the defendant was sentenced has ended).

¶27. Recently, this Court has held that "[p]olicy considerations dictate that neither this Court nor the Court of Appeals should actively engage or participate in any capacity in the post-conviction negotiation of plea bargains or sentencing and/or resentencing matters during the pendancy of any criminal appeal at any stage." ***Jenkins v. State***, No. 96-CT-01248-SCT, 1999 WL 126998, at *1 (Miss. Mar. 11, 1999). In ***Jenkins***, the appellants filed a motion for pre-hearing conference pursuant to M.R.A.P. 33 to settle the case, but this Court denied the motion holding that M.R.A.P. 33 did not apply to criminal cases because "our (Supreme Court) jurisdiction, nor that of the Court of Appeals, extends to the negotiation and imposition of plea bargains or original sentencing issues." ***Id.*** at *2 Instead, this Court stated that the matter may be presented to the trial court for determination of any issues, because the trial court had properly retained jurisdiction under Miss. Code Ann. § 47-7-47(2) (Supp. 1998). ***Jenkins,*** 1999 WL 126998 at *2-3. Here, the trial court did not retain jurisdiction under Section 47-7-47(2), and it is thus without authority to alter or vacate the judgment. *See* ***Russell***, 691 So. 2d at 944.

¶28. Moreover, Bell specifically alleges that federal authorities failed to abide by the

sentencing order. I dissent because the United States is not bound by a plea bargain in any state court proceeding. Besides, that portion of Bell's sentence that is at issue here was not even a part of the plea bargain made with the State. Rather, Bell's counsel suggested that the trial judge run the state sentences concurrently with any possible federal sentence.

¶29. The United States was not a party to the state prosecution here and its power to enforce its criminal laws cannot be affected by any proceedings in the state court. *United States v. Padilla*, 589 F.2d 481, 484 (10th Cir. 1978); *see also* *United States v. Luros*, 243 F. Supp. 160, 168 (N.D. Iowa 1965), *rev'd on other grounds*, 389 F.2d 200 (8th Cir. 1968), *cert. denied sub nom.Luros v. Hanson*, 382 U.S. 956, 86 S. Ct. 433, 15 L. Ed. 2d 361 (1965). This power to enforce its criminal laws naturally includes sentencing. The trial judge did have authority to run the state sentence concurrently with a federal sentence, but the converse is not true--he has no authority to require that a federal sentence run concurrently with the state sentence. Therefore, inasmuch as his sentence was meant to bind the federal district court, the trial judge was without authority.

¶30. An evidentiary hearing would now be pointless. As a matter of public policy, it is bad precedent to do as the majority rules and release from state custody a convicted felon in order for that felon to serve a shorter federal sentence only to be later reincarcerated in our state penitentiary to finish his state sentence all in the name of properly carrying out a sentence which the trial court was without authority to make.

¶31. I respectfully dissent.

**COBB, J., JOINS THIS OPINION.**