MYERS, J.,
for the court.
¶ 1. Timothy Gilley pled guilty to a charge of sale of cocaine and was sentenced as a second-time offender to a term of thirty years with fifteen years suspended and three years post-release supervision. He filed a motion in the Circuit Court of Tishomingo County, with the Honorable Frank A. Russell presiding, for re-sentencing. The motion was denied as the successive second petition to the trial court for post-conviction relief under Miss. Code Ann. § 99-39-23 (Rev.2000). Gilley now appeals that decision.
FACTS
¶ 2. After his sentencing, Gilley filed a motion for re-sentencing which was denied. Gilley asserts that it was wrongly denied as a petition for post-conviction relief. He then filed again for a motion for re-sentencing as a first time offender pursuant to Miss.Code Ann. § 41-29-149 (Supp.2000) which allows “the judge of the court of jurisdiction ... in his discretion, [to] suspend such penalty, ... for any person charged with a first offense.” Gilley filed the motion again saying that it was never meant to be a petition for post-conviction relief but the court again dismissed it.
DISCUSSION
¶ 3. We are able to review a petitioner’s claim that his sentence is illegal even if the writ is successive. Lyle v. State, 756 So.2d 1, 2(¶ 6) (Miss.Ct.App.1999). This Court must take into account “that a prisoner’s meritorious complaint may not be lost because [it is] inartfully drafted.” Id. at (¶4). Gilley’s brief is nearly as well written as the brief submitted by the State in this case. However, both leave much to be desired in that neither of them clearly enumerate the issues at hand, nor do they explain their position in any well-defined fashion.
¶ 4. Gilley claims that his sentence is illegal because he should not have been considered a second-time offender. His reasoning is that, not only did the prosecutor present inadmissible evidence regarding a prior conviction, but Gilley has a copy of a letter saying there is/was no “hold” on him in the State of Alabama. A sentence is within the court’s sound discretion and will not be disturbed if it is within the statutory guidelines. Bell v. State, 759 So.2d 1111, 1115(¶ 18) (Miss.1999). The sentence of thirty years with fifteen years suspended is within the specified limits of the statute and is not a problem. Miss. Code Ann. § 41-29-139 (Supp.2000). However, the judge used the information provided by the prosecution at the sentencing hearing. This information was that there was a prior conviction in Alabama and that it wanted Gilley to serve his sentence with them first.
¶ 5. One exception to the procedural bar is if the petitioner can refer us to an intervening decision of the Supreme Court of either Mississippi or the United States “which would have actually adversely affected the outcome of his conviction or sentence.” Miss.Code Ann. § 99-39-5(2)(Rev.2000). This is Gilley’s second attempt to get this motion through and neither attempt was accompanied by supporting case law to indicate any specific decision of either higher court that affects his conviction or sentence. Another exception is if the appellant has “evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence.” Id. In addition to the statutory exceptions, the supreme court recognizes that the procedural bar will be removed if the petitioner demonstrates that he has been denied a fundamental constitutional right. Sneed v. State, 722 So.2d *1257 1255, 1257(¶ 11) (Miss.1998). However, Gilley has made no such showing.
¶ 6. The letter included with his brief is interesting, but by no means a direct route to a reduced sentence. In addition to which, Gilley was represented at trial and during sentencing by counsel. The information in this letter could have and should have been investigated by counsel during the proper court proceeding. During Gilley’s sentencing the State offered the case number, county in Alabama and a description of the crime of which he was convicted. The letter attached to his brief is nothing more than the county asserting that the State of Alabama should have record of the “hold” on Gilley and State of Alabama asserting the opposite. This letter is evidence that Gil-ley was convicted in Alabama. However, it also evidences that all logic and responsibility in the record-keeping of the corrections department of the State of Alabama has been lost in this era of bureaucracy.
¶ 7. Unfortunately for Gilley, his letter is of no help to him. The judge found that the inclusion of this letter in Gilley’s motion did not warrant an evidentiary hearing in order to revisit sentencing. As such his claims have no merit. The court was correct in its reasoning and its judgment is affirmed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISHOMINGO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ„ CONCUR.