MYERS, J.,
for the Court.
¶ 1. This is an appeal from the Circuit Court of Lee County, Honorable Frank A. Russell presiding. Glendale Ray Sones’s petition for post-conviction relief from pri- or judgment used to enhance current sentence was dismissed as time barred. Sones now appeals." We affirm.
FACTS
¶ 2. Glendale Ray Sones pled guilty in 1973 to possession of a controlled substance for which he received a three year sentence. In 1980 he was convicted of burglary and his 1973 conviction was used to enhance his sentence. In May 2000, Sones filed his petition for post-conviction relief from prior conviction used to enhance current sentence. He sought vacation of the 1973 conviction used to enhance his sentence in his burglary conviction. Sones now appeals the dismissal of his petition stating the following issues.
1. Was Appellant’s post-conviction motion, which attached prior conviction used to enhance his sentence as a habitual offender properly filed?
2. Did the trial court err in denying claims for post-conviction relief as time barred?
3. Did the sentencing court commit plain error when it failed to advise appellant of his fundamental constitutional right against self incrimination?
4. Were Appellant’s fundamental constitutional rights violated by the circuit court incorrectly advising him of the maximum sentence he could receive upon pleading guilty?
5. Was Appellant denied his fundamental constitutional right to effective assistance of counsel before or during his plea?
DISCUSSION
¶ 3. We review all post-conviction relief appeals using the statutory guidelines set out in Miss.Code Ann. § 99-39-5 (Supp.2001). Section 2 addresses the time *218 limitations. It gives a prisoner three years in which to file their petitions. However, three exceptions apply as follows.
[A]n intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such a nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2)(Supp.2001).
¶ 4. Sones has provided this Court with no supporting documents corresponding with the requirements of the above statute. In addition, since Mr. Sones last conviction was in 1980, it is clear that more than three years have passed. However, the supreme court allowed that individuals convicted prior to the April 17, 1984 enactment date of Miss.Code Ann. § 99-39-5, had three years from that date in which to file their petitions. Bell v. State, 759 So.2d 1111, 1115(1113) (Miss.1999); see also Odom v. State, 483 So.2d 343, 344 (Miss.1986). Sones has also missed that window of opportunity.
¶ 5. Sones claims his 1973 guilty plea was obtained in violation of rights so fundamental as to effectively deny him due process of the law, and as such, his claim cannot be subjected to the statutory time bar. Case law recognizes such exceptions to any procedural bar when fundamental rights guaranteed by the constitution are ignored. Bevill v. State, 669 So.2d 14, 16 (Miss.1996). However, Sones’s factual assertions of the purported defects in his 1973 plea proceeding do not appear to rise to the level of violating any fundamental rights. He insists that he was erroneously told that the maximum sentence was six years, when in fact it was three. Unfortunately, Sones never explains how that misunderstanding prompted him to plead guilty in exchange for a recommended sentence of three years.
¶ 6. His other claims allege omissions in the trial court’s explanation of the various procedural protections afforded him if he insisted on going to trial and dissatisfaction with the performance of his attorney. None of these complaints appear particularly meritorious, and in any event, were complaints that could easily have been asserted within the initial three years of existence of the State’s post-conviction relief statute. We are unconvinced that Sones was the victim of the kind of fundamental deprivation of constitutional rights that would avoid the time bar imposed by statute. The lower court was correct in denying Sones’s petition for post-conviction relief and is affirmed.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DISMISSING PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS ARE ASSESSED TO LEE COUNTY.
McMILLIN, C.J, KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER and BRANTLEY, JJ., CONCUR.