GRIFFIS, J.,
for the Court.
¶ 1. In November 2001, Rickey Toney pled guilty to receipt of stolen property. He was sentenced to serve five years in the custody of the Mississippi Department of Corrections. Upon request by defense counsel, the circuit court ordered that To-ney’s state sentence be served concurrently with a federal sentence he was serving at the time.
¶ 2. In March 2002, Toney filed a motion for post-conviction relief after learning that federal authorities would not allow his state and federal sentences to run concurrently. An evidentiary hearing was held on September 23, 2002, and Toney’s motion for post-conviction relief was denied. At the hearing, the circuit court indicated that it had intended to impose a five year sentence, and the only reason it ordered the state sentence to run concurrently with the federal sentence was because Toney had asked for such relief. The circuit court corrected its sentencing order by striking out the language that ordered the state sentence to be served concurrently with the federal sentence. As a result, the circuit court ordered Toney to serve a full five years in the custody of the Mississippi Department of Corrections.
¶ 3. In December 2002, Toney filed a notice of appeal. On appeal, Toney argues that the circuit court erred by correcting the sentencing order and that this correction constitutes double jeopardy.
STANDARD OF REVIEW
¶ 4. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
ANALYSIS
1. Did the circuit court err by correcting Toney’s sentencing order?
¶ 5. Toney argues that the circuit court erred by correcting the sentencing order. He claims the circuit court intended that his state and federal sentences run concurrently. However, the record reveals that the circuit court’s intent was to sentence Toney to five years in the Mississippi Department of Corrections. Toney requested that his state sentence be served concurrently with his federal sentence, and the circuit court agreed to the request. The fact that federal authorities refused to agree is no grounds for complaint. The circuit court could not force the federal authorities to allow the sentences to run concurrently. Montoya v. Johnson, 226 F.3d 399, 406 (5th Cir.2000). Therefore, it was necessary for the circuit court to correct the order to clarify the sentence.
¶ 6. Our supreme court was presented with a similar factual situation in Bell v. State, 759 So.2d 1111(¶ 6) (Miss.1999). In Bell, the circuit court sentenced the defendant to serve two twenty-year terms to run concurrently with any sentence received in federal court. Id. at 1114(¶ 15). However, the defendant later learned that federal authorities would not take him into custody until he completed his state sentence. Id. at 1115(¶ 15). As a result, the defendant filed a motion for post-conviction relief. Id. The circuit court denied the motion without first holding an eviden-tiary hearing. Id. The supreme court reversed and remanded stating that “the trial court should hold an evidentiary hearing to determine the status of Bell’s state and federal sentences” and “once the status of both sentences is determined, the trial judge [sjhould take appropriate action to ensure his original sentencing order is properly carried out.” Id.
*30 ¶ 7. Although similar in fact, the case before us is distinguishable from Bell since Toney was granted an evidentiary hearing before his motion for post-conviction relief was denied. After determining the status of Toney’s state and federal sentences, the circuit court judge took appropriate action and amended the sentencing order so as to ensure that Toney’s original sentencing order was properly carried out. The circuit court has authority to alter or amend the term of punishment as long as it is done before the term of court has ended. Weaver v. State, 856 So.2d 407, 409(117) (Miss.Ct.App.2003). Here, the record shows the sentencing order was amended before the term of court had ended. Therefore, the circuit court acted within its authority. Thus, we find no error.
2. Did the correction constitute double jeopardy?
¶ 8. Toney argues that he was sentenced twice for the same offense and was, therefore, subjected to double jeopardy. The Fifth Amendment to the Constitution provides that no person shall “be subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. Toney, however, was not given a second sentence. Instead, after learning that federal authorities would not allow Toney to serve his state and federal sentences concurrently, the circuit court simply corrected its sentencing order. As discussed previously, the circuit court had authority to do so. Thus, Toney’s argument lacks merit.
¶ 9. THE JUDGMENT OF THE ADAMS COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ADAMS COUNTY.
KING, C.J., BRIDGES and LEE, P.JJ., IRVING, MYERS, CHANDLER, BARNES and ISHEE, JJ., CONCUR.