LEE, P.J.,
for the Court.
FACTS AND PROCEDURAL HISTORY
¶ 1. On January 13, 2000, David Ward pled guilty in Rankin County Circuit Court to possession of more than two grams, but less than ten grams of cocaine; possession of more than thirty grams, but less than 250 grams of marijuana; and possession of a firearm by a convicted felon. He was sentenced to serve twenty-two years in the custody of the Mississippi Department of Corrections.
¶ 2. On June 28, 2002, Ward filed a motion for post-conviction relief, and the above-mentioned plea, conviction, and sentence were set aside and the case was set back on the docket for trial. At the new trial on July 16, 2002, Ward again pled guilty to the same charges and was sentenced to twenty years, seventeen years to serve and three years of post-release supervision.
¶ 3. On July 22, 2003, Ward filed a motion for post-conviction relief to set aside his January 13, 2000 conviction and sentence. The trial judge dismissed the motion as moot because the January 13, 2000 conviction had already been set aside.
¶ 4. Ward now appeals to this Court asserting the following: (1) the trial court erred in convicting him of three criminal offenses arising from the same incident in violation of the double jeopardy clause of the Fifth Amendment; (2) the trial court’s sentencing order was improper; (3) cumulative error; and (4) the trial court erred in not conducting an evidentiary hearing.
¶ 5. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 6. In reviewing a trial court’s decision to deny a motion for post-conviction relief, the standard of review is clear. The trial court’s denial will not be reversed *910 absent a finding that the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct. App.2002). However, when questions of law are raised the applicable standard is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
DISCUSSION
I. DID THE TRIAL COURT ERR IN CONVICTING WARD OF THREE CRIMINAL OFFENSES ARISING FROM THE SAME INCIDENT?
¶ 7. Ward’s only argument on this issue is that double jeopardy was violated because the State failed to prove separately the elements of possession of a controlled substance and conspiracy to possess a controlled substance. A reading of the charges in the indictment shows that Ward was not charged with conspiracy.
¶ 8. Taking into account that a pro se petitioner’s meritorious complaint will not be lost because inartfully drafted, Gilley v. State, 800 So.2d 1255, 1256(¶3) (Miss.Ct.App.2001), Ward’s argument that he was subjected to double jeopardy by being convicted of three criminal offenses arising out of a single incident is still without merit. Mississippi has long recognized that a criminal defendant may be convicted of more than one offense that arises out of a single event where each offense requires proof of a different element. Davis v. State, 750 So.2d 552, 563(44) (Miss.Ct.App.1999).
¶ 9. This issue is without merit.
II. WAS THE SENTENCING ORDER IMPROPER?
¶ 10. Ward argues that the sentencing order was illegal because the trial court did not enter separate judgments or verdicts in accordance with the following provision of the Mississippi Code: “When a defendant is convicted of two (2) or more offenses charged in separate counts of an indictment, the court shall impose separate sentences for each such conviction.” Miss. Code Ann. § 99-7-2(3) (Rev.2000). This issue is without merit since Ward was sentenced separately on each charge.
III. WAS THERE CUMULATIVE ERROR THAT DEPRIVED WARD OF A FAIR TRIAL?
¶ 11. Ward argues that he was unable to prove his innocence because the police and his attorney used unfair and illegal tactics to force him to incriminate himself. He also argues his attorney was grossly ineffective.
¶ 12. Ward does not reference any specific act of the police or his attorney that he considered unfair or illegal. As to the ineffective assistance of counsel claim, the claim is barred if not initially asserted to the trial court. Ford v. State, 708 So.2d 73, 74(¶ 7) n. 1 (Miss.1998). Absent the procedural bar, Ward presents no evidence to establish a prima facie showing of ineffective assistance of counsel. Id. at 75(8).
¶ 13. Ward raises no issue of error, and, therefore, cumulative error cannot be found. This issue is without merit.
IV. DID THE TRIAL COURT ERR BY FAILING TO CONDUCT AN EVI-DENTIARY HEARING?
¶ 14. “[A] post-conviction collateral relief petition which meets basic pleading requirements is sufficient to mandate an evidentiary hearing unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Turner v. State, 590 So.2d 871, 874 (Miss.1991) (emphasis added). Ward has not presented any facts which would entitle him to relief, and, therefore, the trial court did not err by not conducting an evidentiary hearing. This issue is without merit.
*911 ¶ 15. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.