ROBERTS, J.,
for the Court:
¶ 1. In July 2004, Carlos Wilson was indicted for possession of a firearm by a convicted felon. Wilson, represented by counsel, appeared before the Madison County Circuit Court, where he pled guilty to the charge in his indictment of possession of a firearm by a convicted felon and to a bill of information charging him with carrying a concealed weapon (CCW). Wilson was sentenced, as an habitual offender under Mississippi Code Annotated section 99-19-81 (Rev.2007), to serve three years in the custody of the Mississippi Department of Corrections (MDOC) for posses *1284 sion of a firearm by a convicted felon and five years in the custody of the MDOC for CCW. Wilson filed a motion for post-conviction relief (PCR) on November 24, 2010, alleging a double-jeopardy violation and ineffective assistance of counsel. Wilson, apparently satisfied with the validity of his conviction on being a felon in possession of a firearm, attacks only his conviction for CCW. On December 20, 2010, the circuit court summarily denied Wilson’s PCR motion.
FACTS AND PROCEDURAL HISTORY
¶2. On March 24, 2004, police officers initiated a traffic stop in Madison County, Mississippi, because the driver, Wilson’s girlfriend, was following too closely behind another vehicle. During the traffic stop, police officers discovered a .38-caliber revolver under the driver’s seat of the vehicle. Wilson, seated in the passenger seat, claimed possession and ownership of the revolver. A search of Wilson resulted in the discovery of .38-caliber bullets in his pocket. Due to a previous felony conviction for armed robbery, a Madison County grand jury indicted Wilson on July 20, 2004, as a convicted felon in possession of a firearm in violation of Mississippi Code Annotated section 97-37-5 (Supp.2011).
¶ 3. After several years of delay, the case came before Judge Samac Richardson in the circuit court on June 25, 2008, for a scheduled trial. Approximately a week prior, the State had filed a motion to amend Wilson’s indictment to reflect his habitual status as a violent habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2007) and faxed the motion to defense counsel. At a hearing before trial was to commence on June 25, 2008, Wilson’s attorney, Lisa Ross, adamantly argued her motion for a continuance because, based on the State’s amendment, she was unprepared for trial that day when the possible outcome would be a sentence of life without parole. Judge Richardson denied the motion, finding that the case had been set for trial at least once before, and a trial on the merits would proceed that day with a sentencing hearing, if necessary, conducted at a later date. An on-the-record discussion, if not a debate, ensued with Ross arguing that even if Wilson was convicted and proven to be a habitual offender under section 99-19-83, the circuit judge, in his discretion, could still sentence Wilson to some sentence less than life imprisonment. Judge Richardson reiterated that section 99-19-83, if proven, mandated that the offender “shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended[,] nor shall such person be eligible for parole or probation.” Ross indicated that a plea offer of eight years as a habitual offender had been made by the State the prior Monday; thus, had she known life imprisonment was possible, she would have encouraged Wilson to take the offered plea. After a break in the proceedings and after conferring with Wilson, Ross indicated that Wilson would like to plead guilty to a new plea agreement.
¶ 4. The State and Wilson agreed that Wilson’s habitual-offender status would be reduced to reflect section 99-19-81 status, resulting in the imposition of the statutory maximum sentences for the two crimes. In addition, the State prepared a bill of information charging Wilson with CCW, which violates Mississippi Code Annotated section 97-37-1 (Supp.2011). Wilson agreed, with the consent of his counsel, to waive indictment on the CCW charge and entered a plea of guilty to the bill of information; he also pled guilty to the charge found in his indictment of convicted felon in possession of a firearm. The maximum possible sentences for his charges were five years for CCW and three years *1285 for felon in possession of a firearm. The sentences were to run consecutively, resulting in an eight-year sentence as a habitual offender under section 99-19-81, a similar disposition as the earlier plea offer.
¶ 5. Prior to accepting Wilson’s guilty pleas, Judge Richardson thoroughly questioned Wilson as to the voluntariness of his guilty pleas, his understanding of the constitutional rights he was waiving, the minimum and maximum sentences available, the adequacy of his attorney, and also the factual basis for each charge. Wilson indicated that he understood that once the guilty pleas were entered and accepted, he waived “all [his] defenses [he] might have” and that he could not directly appeal from his guilty plea. Judge Richardson accepted Wilson’s guilty pleas and sentenced him, as a habitual offender under section 99-19-81, to three years for the charge of being a convicted felon in possession of a firearm and five years for the charge of CCW, all in the custody of the MDOC. Wilson was ordered to serve these sentences consecutively for a total term of eight years.
¶ 6. Wilson filed his PCR motion in November 2010, alleging violations of his right to be free from double jeopardy and that he received ineffective assistance of counsel. The circuit court summarily denied Wilson’s PCR motion on December 20, 2010. Feeling aggrieved by the circuit court’s denial of his PCR motion, Wilson now appeals and again argues that his double-jeopardy rights were violated and that he received ineffective assistance of counsel.
STANDARD OF REVIEW
¶ 7. A circuit court’s denial of a PCR motion will not be reversed “absent a finding that the [circuit] court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, questions of law receive a de novo review. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
ANALYSIS
I. Double Jeopardy
¶ 8. In his first assignment of error, Wilson asserts that he could not be convicted of violating both section 97-37-l(CCW) and section 97-37-5 (felon in possession of a firearm) since he claims the same act of possessing a firearm found under the seat of his vehicle was the basis for both convictions.
¶ 9. Both the United States Constitution and Mississippi Constitution contain provisions protecting an individual from twice being placed in jeopardy for the same offense. See U.S. Const. amend. V; Miss. Const. art. 3, § 22. Double-jeopardy protections were designed to prevent an individual from receiving “a second prosecution for the same offense after acquittal, ... a second prosecution for the same offense after conviction, and ... multiple punishments for the same offense.” Thomas v. State, 930 So.2d 1264, 1265-66 (¶ 5) (Miss.Ct.App.2005) (citing Greenwood v. State, 744 So.2d 767, 770 (¶ 14) (Miss.1999)). To determine whether there has been a double-jeopardy violation, the “same-elements” test found in Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932), “requires us to review each offense and determine whether each contains an element not present in the other[.]” Vickers v. State, 994 So.2d 200, 215 (¶ 53) (Miss.Ct.App. 2008) (quoting Graves v. State, 969 So.2d 845, 847 (¶ 8) (Miss.2007)). However, “Mississippi has long recognized that a criminal defendant may be convicted of more than one offense that arises out of a single event where each offense requires proof of a different element.” Ward v. *1286 State, 944 So.2d 908, 910 (¶ 8) (Miss.Ct. App.2006) (citing Davis v. State, 750 So.2d 552, 568 (¶ 44) (Miss.Ct.App.1999)).
¶ 10. Wilson was indicted for and pled guilty to being a felon in possession of a firearm in violation of section 97-37-5, which provides: “It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm.... ” By bill of information, Wilson was also charged with and pled guilty to a violation of section 97-37-1. Section 97-37-1 prohibits any person to carry “concealed in whole or in part, ... [a] pistol, revolver, or any rifle with a barrel of less than sixteen (16) inches in length, or any shotgun with a barrel of less than eighteen (18) inches in length, machine gun or any fully automatic firearm or deadly weapon....” It is clear by a reading of both statutes that there is no double-jeopardy violation. The offense of possession of a firearm by a convicted felon requires proof that the defendant has been previously convicted of a felony; whereas, the offense of CCW does not require the defendant to have a prior felony conviction. Further, the offense of CCW contains the requirement that the weapon be “concealed in whole or in part,” and the offense of being a felon in possession of a firearm has no such requirement.
¶ 11. Therefore, each offense contains an element not present in the other, and Wilson’s double jeopardy argument fails. This issue is without merit.
II. Ineffective Assistance of Counsel
¶ 12. Wilson next asserts that he received ineffective assistance of counsel because his attorney did not object to the violation of his double-jeopardy protections. Mississippi applies the two-prong test found in the United States Supreme Court’s decision in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The first prong requires the appellant to show that counsel’s performance was deficient. Id. The second prong requires the appellant to show that counsel’s deficient performance prejudiced him so greatly “as to deprive the [appellant] of a fair trial.” Id. In the current case, there was no double-jeopardy violation; therefore, Ross, Wilson’s attorney, could not be ineffective for failing to object to something that was not an issue.
¶ 13. Additionally, at his guilty-plea hearing, Wilson answered affirmatively when asked if he had read his guilty-plea petition, had it explained to him by Ross and that he signed or initialed each page of the document. Wilson agreed that everything in his guilty-plea petition was true and correct, and he also confirmed at least twice that he was satisfied with the services and advice of Ross as his counsel. Judge Richardson outlined the elements of each crime Wilson was charged with violating. For the charge of CCW, Judge Richardson explained that the State had to “prove [Wilson was] in Madison County ... the day that [he] had a firearm, that [he was] a convicted felon and had [the firearm] concealed, [and that he] had it in [his] pocket or in a holster or somewhere you couldn’t tell [he] had a weapon.” As for the charge of convicted felon in possession of a firearm, Judge Richardson stated that the State “would have to prove that in Madison County, Mississippi, on or about the same date, March 24, 2004, that [Wilson] did willfully, unlawfully, feloniously have in [his] possession a firearm, whether or not it was concealed, at a time when [he] had been convicted of a prior felony offense, armed robbery.” Wilson again answered affirmatively that he understood these elements. Judge Richardson further elaborated by stating: “And it’s my opinion that, and I think your attorney and the *1287 district attorney’s opinion, that even though it’s the same firearm you can commit both of these offenses with that same firearm. It depends on where you were and where the gun was.” He then asked Wilson if he had any questions about the above statement; Wilson responded, “No, sir.” Consequently, the record is clear that Wilson desired to plead guilty to two separate incidences relating to the unlawful possession of the same firearm on March 24, 2004; one incident occurring when Wilson concealed the firearm in his pocket and a second incident later the same day when the firearm was discovered by police officers under the car seat during a traffic stop. Wilson was motivated by his desire to accept the State’s plea offer for an eight-year sentence as a habitual offender under to section 99-19-81 instead of the probability, if not certainty, of a mandatory life sentence under section 99-19-88 as a violent habitual offender if he elected to have a jury trial. The following exchange took place between Judge Richardson and Wilson:
The Court: I want to make sure the record’s clear that the factual basis is established in each one [of the charges]. Are you a convicted felon?
Wilson: Yes, sir.
The Court: Were you convicted of armed robbery in Hinds County ... ?
Wilson: Yes, sir.
The Court: So do you admit that you are a habitual offender?
Wilson: Yes, sir, I am.
The Court: Okay. Now, did you have a firearm?
Wilson: Yes, sir.
The Court: Okay. Did you know you [were not] supposed to have the firearm?
Wilson: Yes, sir.
The Court: Was it in Madison County, Mississippi, on the that date I’ve already stated?
Wilson: Yes, sir.
[[Image here]]
The Court: [W]as it a traffic stop?
Wilson: Yes, sir.
The Court: And this firearm was found under the driver’s seat, correct?
Wilson: Yes, sir.
The Court: Okay. How did it get into the car?
Wilson: When I left — when I left the house, I — had it — I had it on my person.
The Court: Okay. Did you have it in your pocket?
Wilson: Yes, sir.
[[Image here]]
The Court: So when you left out of your house, you had this .38 caliber [revolver]—
Wilson: Yes, sir.
The Court: And you walked to your car; is that right?
Wilson: Yes, sir.
The Court: And you got in the car and then you put it under the seat?
Wilson: Yes, sir.
The record may be less than thorough when providing specific facts, such as whether Wilson was leaving his home or someone else’s home and whether Wilson walked on public property to get to his vehicle.
¶ 14. It is important to note that at no time during Wilson’s original case and subsequent appeal does he claim an insufficient factual basis for his crimes. Wilson was arrested for a gun concealed in a vehicle which, according to Mississippi Code Annotated section 97-87-1(2), is not a violation to carry a firearm “within the confines of his own home or his place of *1288 business, or any real property associated with his home or business or within any motor vehicle.” However, the Judge Richardson went to great lengths to describe the factual situation in which Wilson carried a concealed weapon not “within the confínes” of his own home or vehicle. The basis of Wilson’s CCW charge was not that a firearm was discovered in the vehicle, but that he carried that firearm concealed in his pocket from his home to his car. Thus, he was not protected under section 97-37-1(2).
¶ 15. Wilson’s principal claim in his PCR motion arises solely from his belief that the conviction for CCW stems from the discovery of the firearm under his car seat. The transcript belies that claim. To the contrary, the CCW conviction arises from an incident earlier during the day on March 24, 2004, in Madison County, when Wilson concealed a revolver in his pocket, walked out the door of his house, and then got into his car. To reverse this conviction on the grounds of an insufficient factual basis would require this Court, sua sponte, to invoke the plain-error doctrine. The invocation of the plain-error doctrine requires a conclusion that allowing Wilson’s conviction to stand results in a manifest miscarriage of justice. See Brown v. State, 995 So.2d 698, 703 (¶ 21) (Miss.2008) (citing Gray v. State, 549 So.2d 1316, 1321 (Miss.1989)). Under the facts in this case, certainly no injustice exists. Furthermore, Wilson swore under oath before the Judge Richardson that he waived any defenses he may have to the charge of CCW. We do not see that it would be a grave miscarriage of justice to allow his conviction to stand.
¶ 16. The dissent states that it understands and appreciates the practicalities of a plea bargain. Yet, it apparently shows some great distaste for the plea arrangement negotiated by Ross, defense counsel in this case. After Judge Richardson refused Ross’s request for a continuance, Ross asked that the written plea offer be marked for identification as an exhibit. She then asked for a minute to confer with Wilson. There was a brief “off the record discussion” among Ross, the State, and Judge Richardson. Following this discussion the circuit court reconvened in chambers with all parties to conduct the guilty-plea examination. A bill of information was prepared in the interim, sworn to by the State, and filed with the clerk as cause number 2008-0280. The bill of information charged Wilson with “carrying] and concealing] ... a .38 caliber revolver, in Madison County” on March 24, 2004. It is apparent Ross suggested to the State that Wilson committed another offense earlier on March 24, 2004, when he concealed the .38-caliber revolver in his pocket and left the house and that if the State would make such a charge in a bill of information, Wilson would waive indictment to that charge and plead guilty as a non-violent habitual offender. This agreement would effectuate the previous plea offer of eight years in the custody of the MDOC made by the State and avoid a mandatory sentence of life without parole. The State agreed to execute a bill of information, and Wilson pled guilty to both the charge in the indictment and the charge in the bill of information.
¶ 17. Further, the dissent seems to imply that affirming the CCW conviction violates the Second Amendment guarantee to keep and bear arms. Such a claim of unconstitutionality was never raised by Wilson nor decided by the circuit court. The dissent further claims that affirming Wilson’s CCW conviction makes a criminal out of every Mississippi hunter who carries his rifle in a case from his home to his vehicle. Not so. Mississippi Code Annotated Section 97-37-1(3) (Supp.2011) states:
*1289 It shall not be a violation of this section for any person to carry a firearm or deadly weapon concealed in whole or in part if the possessor of the weapon is then engaged in a legitimate weapon-related sports activity or is going to or returning from such activity. For purposes of this subsection, “legitimate weapon-related sports activity” means hunting, fishing, target shooting or any other legal sports activity which normally involves the use of a firearm or other weapon.
(Emphasis added). The language in this statute was in place at the time Wilson committed his crime. Based on the language in the statute, it is clear that hunting is an exception to the CCW statute.
¶ 18. Wilson’s claim of ineffective assistance of counsel arises solely from his allegation that his attorney allowed him to be punished twice for the same crime, i.e., a double-jeopardy violation, which we addressed previously and found meritless. He never alleges an insufficient factual basis for his CCW conviction, yet the dissent reaches the issue on plain error and proposes to reverse and render based upon ineffective assistance of counsel and an insufficient factual basis. At best, a valid claim on those grounds would only entitle Wilson to have his guilty plea set aside, the charge of CCW reinstated, and for him to stand trial on that charge as a violent habitual offender. Simply stated, Wilson’s CCW charge did not arise from the police officers’ discovery of the .38-caliber revolver under the seat of the vehicle. It arose from an event earlier in the day when Wilson, a convicted felon, chose to conceal and carry that same revolver in his pants pocket, exit the front door of a house, and then walk to his vehicle with the concealed revolver.
¶ 19. Detecting no error by the circuit court, we affirm.
¶ 20. THE JUDGMENT OF THE MADISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
GRIFFIS, P.J., AND FAIR, J., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. IRVING, P.J., AND MAXWELL, J., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. ISHEE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND RUSSELL, J.; BARNES, J., JOINS IN PART.